GREEN, J.
delivered the opinion of the court.
. The plaintiff in error purchased a horse, saddle and bridle from the defendant in error, for the sum of eighty dollars. Smith offered to pay the eighty dollars in notes, purporting to be issued by a banking company in the State of Georgia, called the Pigeon Roost Banking Company,.but which company did not, in fact, exist. Click enquired if the notes were good; to which Smith replied, they were good to him. It was then agreed that Click was to receive the notes, and ascertain whether they would answer his purpose; and if they should not be received by his creditors, he was to return them by a given day. The notes were worthless, and Click offered to return them, but not until after the day stipulated in the contract. ’ Smith then refused to receive them, or to surrender the horse. Afterwards, Click said in presence of Smith, that he knew they were worthless, *187 For ho had passed this money five or six times, and taken it back. To which Smith replied, he had not taken it back more than two or three times.
The court charged the jury in substance, that fraud vitiates every contract into which it enters; and that if Smith knew the notes he gave Click were worthless, and concealed that knowledge, or falsely suggested that they were good, when he knew, they were bad, it would be a fraud on Click, who might disregard the contract and sue for the value of his horse; and that the existence of the condition in the contract would make no difference; but that if Smith believed the notes were genuine, and was guilty of no fraud, Click was bound to return them on the day fixed in the contract, and not having done so, he could not recover.
The- jury found a verdict for the plaintiff. The defendant moved for a new trial, which was refused, and an appeal was taken to this court.
It is now insisted for the plaintiff in error, that Smith could be guilty of no fraud, because no confidence was placed in him;- . that Click, disregarding what Smith said about the matter, de- ■ termined to ascertain for himself whether they were good, and with that view stipulated a future day at which he should be permitted to return them.
It may be, and doubtless is true, that Click did not reposej^ZZ confidence in Smith; for if he had, he would have received the notes without condition: but it is equally true, that Smith’s representations made some impression on his mind, and to some extent took his confidence. If Smith had said to him, “I 'offer you these notes for your horse, but they are worthless; there is no such banking company in Georgia; I passed them two or three times, and have always been obliged to take them, back;” is it to be believed, that Click would have taken them with a view to ascertain their character, already so fully disclosed? Surely not. Smith’s representations had the effect to induce Click to take the notes; and although he had a right to return them, doubtless Smith hoped he would not do so, as the day fixed was an early one.
*188 We think the jury were well warranted in finding that Smith was guilty of fraud. It is not seriously insisted, that the court erred in the charge to the jury. Certainly the condition in the contract may be affected, and vitiated for fraud, as well as any other stipulation in it. Chitty on Contracts, 527 et seq; Comyn on Contracts, 66-7; 2 Kent’s Com. 482-3.
Let the judgment be affirmed.